# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

N.A. Timmerman, Inc.,

    Plaintiff,

v.                                                               Case No. 19-cv-1311-JWL

OKC West Livestock Market, LLC,

    Defendant.

## MEMORANDUM & ORDER

Plaintiff N.A. Timmerman, Inc. filed suit in state court for breach of warranties in connection with cattle purchases made at a cattle auction conducted by defendant OKC West Livestock Market, LLC in Oklahoma. Defendant filed a motion to dismiss the case for lack of personal jurisdiction, the parties engaged in limited discovery with respect to jurisdictional issues, and the motion was set for a hearing in January 2020. While the motion was pending, defendant removed the case to this court based on diversity of citizenship. Upon removal, the court confirmed that jurisdictional discovery was complete and permitted supplemental briefing on the motion to dismiss.

Plaintiff then filed an unopposed motion for leave to file its supplemental response and the exhibits thereto under seal. Consistent with its usual practice and to expedite the processing of the underlying motion, the court summarily granted the motion for leave to file under seal but noted that it would revisit that issue after a ruling on the merits of the motion to dismiss. The court has now granted the motion to dismiss but still must resolve whether the court should unseal the records previously sealed.

Courts, including the Tenth Circuit, have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir.2007) (citations omitted). The right of access to judicial records is not absolute and the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id*. The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id*.

The rationale underlying the public's right to access is to allow the public an opportunity to assess the correctness of the judge's decision. *See Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (rationales for public access to judicial records are the public's confidence in, and the accountability of, the judiciary); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006). In light of this rationale, the court declines to unseal Exhibits 2, 3 and 4 supporting the supplemental response. The court did not rely on these exhibits in granting the motion to dismiss. Rather, the court assumed that the facts set forth by plaintiff (and supported by the exhibits) were true—and those facts are plainly set forth in the court's memorandum and order—in assessing whether the court could exercise jurisdiction over defendant. Accordingly, the need for public access to these particular exhibits is outweighed by the confidential nature of many of the details contained in those exhibits, including the names and addresses of cattle buyers not involved in this lawsuit and the addresses of various witnesses.

The court will, however, direct the Clerk of the Court to unseal the supplemental response itself as well as Exhibit 1 to the response, which consists of excerpts of the deposition of Bill Barnhart, defendant's 30(b)(6) witness. The court did rely on the response and Mr. Barnhart's deposition in rendering its decision in this case. The only articulated basis for keeping these

records under seal is the fact that the response discusses materials that have been deemed "Confidential Information" under the parties' protective order and that deposition testimony has been designated as "Confidential Information" under that order. The court discerns nothing in the response itself or in the deposition testimony of Bill Barnhart that sufficiently outweighs the public's right to access and to assess the correctness of the court's decision to dismiss this case. Those documents will be unsealed, but the court will give the parties the opportunity to notify the court if they believe that any portion of Mr. Barnhart's deposition should be redacted prior to unsealing that document.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties should notify the court no later than **5:00pm on Wednesday, January 29, 2020** if they believe that any portion of Mr. Barnhart's deposition attached as Exhibit 1 to plaintiff's supplemental response should be redacted prior to unsealing that document. If the parties do not contact the court by that time, the court will then direct the Clerk of the Court to unseal plaintiff's supplemental response to the motion to dismiss and Exhibit 1 to the supplemental response.

**IT IS SO ORDERED.**

Dated this 27th day of January, 2020, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3